Filed 10/29/20  P. v. Davis CA2/3
See concurring opinion

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B300881 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA071233) |
| v. | |
| DESMOND DEON DAVIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kelvin D. Filer, Judge.  Reversed with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Blake Armstrong, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Desmond Deon Davis petitioned for resentencing under Penal Code[1] section 1170.95. The trial court summarily denied the petition. He appeals and contends that he established a prima facie case for relief. We agree and therefore reverse the order.

## BACKGROUND

An information filed in 2003 charged Davis and Deshawn Williams with murder and two counts of attempted murder. As to the charge of murder, the information alleged that a principal used a gun (§ 12022.53, subds. (b), (c), (d), (e)(1)). Davis and Williams were jointly tried before a jury. The evidence was that Yolanda Reliford was driving a car with two passengers.[2] Davis drove his car in front of Reliford's car, blocking it. Davis and an accomplice, both gang members, shot at Reliford and her companions with assault rifles. Reliford was killed. The jury deadlocked as to all counts as to Davis, so the trial court declared a mistrial as to him.[3]

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] This background is from our Division's opinion affirming the judgment of conviction as modified. (*People v. Davis* (Jan. 11, 2010, B205660) [nonpub. opn.].) On the court's own motion, we take judicial notice of that opinion and the file underlying the appeal. (Evid. Code, §§ 451, subd. (a), 452, subd. (d).)

[3] The jury found Williams guilty of first degree murder and of attempted murder and found true principal gun use allegations as to all counts.

2

Davis then pleaded no contest to second degree murder and to personal use of a gun under section 12022.5, subdivision (a). He also pleaded no contest to one count of attempted murder. (*People v. Davis, supra*, B205660.)  Davis's counsel said that the plea was being made under *People v. West* (1970) 3 Cal.3d 595.[4] On April 22, 2005, the trial court sentenced Davis to 15 years to life for the murder plus three years for the gun enhancement.[5]

Thereafter, our Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.), which took effect January 1, 2019.  That law amended the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, all to the end of ensuring that a person's sentence is commensurate with the person's criminal culpability.  Based on that new law, a person convicted of murder under a felony murder or natural and probable consequences theory may petition the sentencing court for vacation of the conviction and resentencing, if certain conditions are met.  (§ 1170.95.)

Davis petitioned for resentencing under Senate Bill No. 1437.  In his declaration, Davis asserted an information had been filed against him that allowed the prosecution to proceed under a theory of aiding and abetting conspiracy, felony murder or murder under the natural and probable consequences doctrine; that based on a plea he was convicted of first or second degree

---

[4] A *West* plea is one in which the defendant does not admit a factual basis for the plea.  (*In re Alvernaz* (1992) 2 Cal.4th 924, 932.)

[5] The trial court sentenced him to a concurrent life sentence for one count of attempted murder and dismissed the other attempted murder count.

3

murder under aiding and abetting theories of liability; and he could not now be convicted of first or second degree murder because of changes to sections 188 and 189. Davis declared he was not the actual killer; did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; was not a major participant who acted with reckless indifference to human life during the course of the crime as established by a judicial determination setting aside a special circumstance allegation under section 190.2; and the victim was not a peace officer in the performance of his duties.

The trial court appointed counsel for Davis. The People filed an opposition to Davis's petition.[6] However, out of counsel and Davis's presence, the trial court summarily denied the petition. The trial court noted that although it had initially intended to appoint counsel for Davis, it had now reviewed the court file, jury instructions, and Court of Appeal opinion. These documents showed, first, that the jury was not instructed on felony murder or on natural and probable consequences; hence, the People's theory of liability was Davis was the actual killer or an aider and abettor who acted with intent to kill. Second, our Division's opinion showed that Davis acted with reckless indifference to life. The trial court therefore found that Davis was not eligible for section 1170.95 relief.

---

[6] The opposition is not in the record.

4

## DISCUSSION

Davis contends the trial court violated his state and federal constitutional rights by summarily denying his petition.[7] We agree.

Under Senate Bill No. 1437, malice may no longer be imputed to a person based solely on a person's participation in a crime; now, the person must have acted with malice aforethought to be convicted of murder. (§ 188; *People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted Nov. 26, 2019, S258234.) To that end, the natural and probable consequences doctrine no longer applies to murder. And a participant in enumerated crimes is liable under the felony-murder doctrine only if the participant was the actual killer; or with the intent to kill, aided and abetted the actual killer in commission of first degree murder; or was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 189, subd. (e); see *Munoz*, at pp. 749–750.)

Senate Bill No. 1437 also added section 1170.95. "Pursuant to subdivision (a) only individuals who meet three conditions are eligible for relief: (1) the person must have been charged with murder 'under a theory of felony murder or murder under the natural and probable consequences doctrine,' (2) convicted of first

---

[7] The Supreme Court is considering whether superior courts may consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under section 1170.95 and when the right to appointed counsel arises under subdivision (c) of that section. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598.)

5

or second degree murder, and (3) can no longer be convicted of first or second degree murder 'because of changes to Section 188 or 189 made effective January 1, 2019.' " (*People v. Drayton* (2020) 47 Cal.App.5th 965, 973.)

Section 1170.95 provides for multiple reviews of a petition by the trial court. (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 897–898, review granted Aug. 12, 2020, S263219; *People v. Drayton*, *supra*, 47 Cal.App.5th at p. 974; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57–58, review granted Mar. 18, 2020, S260410; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328 (*Verdugo*), review granted Mar. 18, 2020, S260493; but see *People v. Cooper* (2020) 54 Cal.App.5th 106.) Subdivision (b) of section 1170.95 describes an initial review to determine the facial sufficiency of the petition. (*Verdugo*, at p. 328.) To be facially sufficient, the petition must contain the petitioner's declaration that the petitioner is eligible for relief according to the criteria in subdivision (a), the case number and year of conviction, and whether the petitioner is requesting appointment of counsel. (§ 1170.95, subd. (b)(1).) If the petition is missing any of this information "and cannot be readily ascertained by the court, the court may deny the petition without prejudice." (§ 1170.95, subd. (b)(2).) This initial review amounts essentially to a ministerial review to ensure that the right boxes are checked.

Subdivision (c) of section 1170.95 then describes the next two levels of review. It provides, "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition

6

and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

The first sentence in subdivision (c) refers to a prebriefing, initial prima facie review to preliminarily determine a petitioner's statutory eligibility for relief as a matter of law. (*Verdugo*, *supra*, 44 Cal.App.5th at p. 329.)  In this step of review, the trial court determines, based upon its review of readily ascertainable information in the record of conviction and the court file, whether the petitioner is statutorily eligible for relief. (*Id.* at pp. 329–330.)  The court may review the complaint, the information or indictment, the verdict form or the documentation for a negotiated plea, and the abstract of judgment.  (*Ibid.*)  A Court of Appeal opinion is part of the appellant's record of conviction (*id.* at p. 333), as are jury instructions (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055).  If these documents reveal ineligibility for relief, the trial court can dismiss the petition.  (*Verdugo*, at p. 330.)

If the record of conviction does not establish as a matter of law the petitioner's ineligibility for resentencing, evaluation of the petition proceeds to the second prima facie review, in which "the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 330.)  The trial court must accept as true the petitioner's factual allegations and make a

preliminary assessment regarding whether the petitioner would be entitled to relief if the factual allegations were proved. (*Id*. at p. 328.)

We agree with those Courts of Appeal that interpret section 1170.95 to permit a trial court to make an initial determination whether the petitioner may be entitled to relief without first appointing counsel. The structure and grammar of subdivision (c) of that section "indicate the Legislature intended to create a chronological sequence: first, a prima facie showing; *thereafter*, appointment of counsel for petitioner; then, briefing by the parties." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 332, italics added; accord, *People v. Lewis*, *supra*, 43 Cal.App.5th at p. 1140.) As *Verdugo* at pages 328 to 329 noted, to hold otherwise that counsel must be appointed once a petitioner files a facially sufficient petition renders subdivision (c) redundant to subdivision (b)(2).

Here, the trial court appointed counsel for Davis but then summarily denied the petition in the absence of his counsel. The trial court relied on the proceedings at Davis's jury trial, even though it resulted in a mistrial, and on its finding that Davis acted with reckless indifference to life. However, the record of conviction shows that Davis was charged with murder and two counts of attempted murder, all with principal gun use allegations. The charging document did not preclude the People from pursing a felony murder theory or the natural and probable consequences doctrine. The failure to allege, for example, felony murder does not prevent the prosecution from pursuing that theory at trial. (*People v. Morgan* (2007) 42 Cal.4th 593, 616; accord, *People v. Hughes* (2002) 27 Cal.4th 287, 369 [accusatory pleading need not specify theory of murder prosecution intends to

rely on].) It may be telling that the People chose not to pursue those theories at Davis's trial,[8] but the crucial point for purposes of relief under section 1170.95 is whether the People *could have* pursued that theory. Moreover, as Davis argues, the People could have pursued those theories had a retrial occurred.

Further, on this record, Davis's plea did not convict him under a felony murder or natural and probable consequences theory. Rather, a guilty plea is an admission of the elements of the charged offense—but no more. (*People v. Saez* (2015) 237 Cal.App.4th 1177, 1206.) Davis pleaded no contest to second degree murder, thereby admitting the elements of that crime, including that he willfully, unlawfully, and with malice aforethought murdered the victim. In doing so, Davis did not admit he committed the crime via any particular theory.

Further, Davis's admission that he personally used a gun under section 12022.5, subdivision (a), does not show as a matter of law that he is ineligible for section 1170.95 relief. Although the admission is certainly relevant to whether Davis was the actual killer or a direct aider and abettor, it does not establish his status as such as a matter of law (see, e.g., *In re Londale H.* (1992) 5 Cal.App.4th 1464, 1467–1468).

Finally, Davis did not stipulate to a factual basis for the plea, and the trial court that took the plea did not state what it relied on as the factual basis for the plea. This contrasts with *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1161, where the

---

[8] The jury was not instructed on felony murder or on the natural and probable consequences doctrine. The jury was instead instructed on aider and abettor liability under CALJIC Nos. 3.00 and 3.01.

defendant stipulated to a factual basis for the plea based on the preliminary hearing and police reports. Although that case also involved a plea, the trial court denied the petition for resentencing only after appointing counsel and giving the parties an opportunity for briefing, unlike here. (*Id*. at pp. 1161–1162.) The issue therefore concerned the last sentence of section 1170.95, subdivision (c). (*Nguyen*, at p. 1165.) Similarly, the defendant in *People v. Perez* (2020) 54 Cal.App.5th 896, 901 stipulated to a factual basis for his plea, although his counsel did not reference the preliminary hearing which established he was the actual killer. After the defendant filed a petition under section 1170.95, the trial court appointed counsel for him, and counsel submitted briefing. (*Perez*, at pp. 901–902.) *Nguyen* and *Perez* are therefore distinguishable.

Because the record of conviction before us does not preclude relief as a matter of law, Davis's petition must proceed to the second level of prima facie review in section 1170.95, subdivision (c). The trial court therefore must reappoint counsel to represent Davis, order the prosecutor to file and serve a response, permit Davis to file a reply, and to permit the parties to offer additional evidence and argument in accordance with that section.

## DISPOSITION

The order is reversed.  The trial court is directed to reappoint counsel for Desmond Deon Davis and to conduct further proceedings in accordance with Penal Code section 1170.95.

NOT TO BE PUBLISHED.


DHANIDINA, J.


I concur:


EDMON, P. J.

11

LAVIN, J., Concurring:

I join the majority in reversing the trial court's order. I write separately, however, to voice my disagreement with certain portions of the majority's analysis. Specifically, I disagree that a trial court may summarily deny a statutorily-compliant resentencing petition under Penal Code section 1170.95 without first appointing counsel. (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 917, review granted Aug. 12, 2020, S263219 (dis. opn. of Lavin, J.).) I also disagree that subdivision (c) of Section 1170.95 "requires two prima facie reviews—much less two reviews that are substantively different—and entitles a petitioner to counsel during only the second one." (*People v. Cooper* (2020) 54 Cal.App.5th 106, 118.)

LAVIN, J.